E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2854-GHK (MANx) | Date | April 10, 2012 |
|---|---|---|---|
| Title | *Robert Pfaff v. Cristina Cabre-Diaz* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order to Show Cause**

On April 2, 2012, Plaintiff Robert Pfaff ("Plaintiff") filed a Complaint in this Court asserting slander, tortious interference with contract, and conspiracy claims against Defendant Cristina Cabre-Diaz ("Defendant"). The Complaint fails to establish why venue is proper in the Central District of California.

Plaintiff asserts only that "[v]enue is appropriate in the Central District of California." (Compl. ¶ 3). Under 28 U.S.C. § 1391(b), a civil action may only be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Plaintiff's Complaint fails to establish that venue is proper in this district under § 1391(b)(1) because Plaintiff provides no information demonstrating that Defendant resides in this district. Plaintiff states that Defendant is a "citizen of California" but does not state the *district* in which Defendant resides. Accordingly, the Complaint does not establish that Defendant resides in this district within the meaning of § 1391(b)(1).

The Complaint also fails to establish that venue is proper in this district under § 1391(b)(2) because the Complaint does not reference a single event that allegedly occurred in this district, let alone "a substantial part of the events or omissions giving rise to the claim." The Complaint references a prior trial in "United States District Court" involving allegedly slanderous testimony by the Defendant. But, it does not specify the location of the court in which this trial took place and fails to provide any details about the trial that might serve to establish the location of the events giving rise to the claims. (*See* Compl. ¶¶ 4-8). Accordingly, the Complaint does not establish that a substantial part of the events giving rise to the claims occurred in this district within the meaning of § 1391(b)(2).

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2854-GHK (MANx) | Date | April 10, 2012 |
|---|---|---|---|
| Title | *Robert Pfaff v. Cristina Cabre-Diaz* | | |

    Finally, Plaintiff fails to establish that venue is proper in this district under § 1391(b)(3), because the Complaint does not demonstrate that this action could not have been brought in any other district under § 1391(a)(1) or (2).

    Plaintiff's Complaint does not reveal any basis for venue in the Central District of California. Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **within twelve (12) days**, as to why this matter should not be dismissed for improper venue or, in the alternative, transferred to another U.S. District Court. Plaintiff's failure to timely and adequately show cause shall be deemed Plaintiff's admission that venue is improper in this Court, and the action will be dismissed.

    **IT IS SO ORDERED.**

 

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |